| | |
|---|---|
| APPLICATION FOR WARRANT ) | |
| FOR E-MAIL ACCOUNT ) | |
| ▮Redacted▮@GMAIL.COM ) | |
| MAINTAINED ON COMPUTER SERVERS ) | Mag. |
| OPERATED BY GOOGLE, INC., ) | ~~Maj.~~ No. 10-291-M-01 |
| HEADQUARTERED AT ) | (AK/JMF/RCL) |
| 1600 AMPHITHEATRE PARKWAY, ) | |
| MOUNTAIN VIEW, CA ) | |

**FILED**

NOV - 1 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM AND ORDER

Before the Court is the government's Motion for Review of Magistrate Judge's July 21, 2010 Memorandum Order Regarding Notice Obligations for E-Mail Warrants Issued Under ECPA. Upon consideration of the government's motion and the July 21, 2010 Memorandum Order, the motion will be GRANTED and the Memorandum Order will be REVERSED.

## I.    BACKGROUND

On May 28, 2010, the government applied for a warrant under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701-2710 ("ECPA"), to compel the disclosure of certain limited contents of the e-mail account ▮Redacted▮@gmail.com, maintained by Google, Inc. ("Google"). Magistrate Judge Alan Kay reviewed and issued the warrant. In so doing, Magistrate Judge Kay checked the box on the face of the warrant form allowing for delayed notification under 18 U.S.C. § 3103a. The government had not requested delayed notification in its warrant application. On June 8, 2010, the government filed a Motion for Clarification seeking to clarify Magistrate Judge Kay's intent in checking the box.

1

On July 21, 2010, Magistrate Judge John Facciola entered a Memorandum Order adjudicating the government's Motion for Clarification. In his Memorandum Order, Magistrate Judge Facciola held that the government was obligated to notify the subscriber or customer of the e-mail account subject to the FCPA warrant. The government believed that Magistrate Judge Kay had already adjudicated its Motion for Clarification.[1] Accordingly, on July 23, 2010, the government filed a motion to vacate, or in the alternative, for reconsideration of Magistrate Judge Facciola's Memorandum Order ("Motion to Vacate"). In the Motion to Vacate, the government also sought an order staying the unsealing of the Memorandum Order pending adjudication of the Motion to Vacate and its further review, if necessary, by this Court.

On August 4, 2010, while the Motion to Vacate was pending, the government sought an enlargement of time to seek this Court's review of the Memorandum Order until fourteen days after adjudication of the Motion to Vacate. On August 5, 2010, this Court granted that motion. This Court also granted the government's request that the Memorandum Order, Motion to Vacate, Motion for Enlargement, and any adjudication of the Motion to Vacate remain sealed pending the Court's review.

On August 23, 2010, Magistrate Judge Facciola issued a Minute Order denying the government's Motion to Vacate. The order indicates that Magistrate Judge Facciola consulted with Magistrate Judge Kay, who believed that the government "would still provide notice to the subscriber, regardless of whether it was delayed." The order states that Magistrate Judge Kay

---

[1] On June 17, 2010, having reviewed the government's Motion for Clarification, Magistrate Judge Kay contacted Gregg Maisel, then-acting Chief of the National Security Section of the United States Attorney's Office ("USAO"). According to the government, Magistrate Judge Kay indicated that he had checked the box on the face of the warrant in error and believed that the government had no notice obligation. Magistrate Judge Kay asked the USAO to submit a copy of the warrant with his original signature, which he would correct. On June 21, 2010, Chief Maisel returned the original warrant to Magistrate Judge Kay. Magistrate Judge Kay marked "checked in error AK" next to the delayed notification provision and returned the warrant to the USAO.

2

withdrew the delayed notice because he believed that the government "would notify the subscriber without delay." The order further states that Magistrate Judge Kay agreed with the analysis in Magistrate Judge Facciola's Memorandum Order.

The government does not seek further review of its Motion to Vacate. Rather, it seeks review and reversal of the Memorandum Order on its merits. The government offers three grounds for reversal: (1) that the Memorandum Order is contrary to the plain language of the ECPA's notice provisions and the government's obligations under those provisions; (2) that the ECPA provisions regarding warrants for the compelled disclosure of electronic communications do not incorporate the provisions of Fed. R. Crim. P. 41(f)(1)(C); and (3) that Rule 41(f)(1)(C), even assuming it is incorporated into the ECPA, is satisfied by providing notice to the third party, typically an Internet Service Provider ("ISP"), from whom the disclosure is compelled pursuant to an ECPA warrant.

This Court finds that Section 2703(b)(1)(A) of the ECPA incorporates all procedural aspects of Rule 41, including Rule 41(f)(1)(C). The Court finds, however, that Rule 41(f)(1)(C) is satisfied by leaving a copy of the warrant with a third-party ISP. Accordingly, the Court grants the government's motion for review and reverses the July 21, 2010 Memorandum Order.

## II.    DISCUSSION

The warrant at issue sought the contents of an e-mail account maintained by Google. The government applied for this warrant under Section 2703(b)(1)(A) of the ECPA.[2] Section 2703(b)(1) provides that:

> A governmental entity may require a provider of remote computing
> service[3] to disclose the contents of any wire or electronic communication

---

[2] Section 2703(b) pertains to compelled disclosure by a provider of remote computing service. Section 2703(a) pertains to compelled disclosure by a provider of electronic communication service.

to which this paragraph is made applicable by paragraph (2) of this subsection--

(A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction; or

(B) with prior notice from the governmental entity to the subscriber or customer if the governmental entity--

> (i) uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena; or

> (ii) obtains a court order for such disclosure under subsection (d) of this section;

except that delayed notice may be given pursuant to section 2705 of this title.

The government contends that Section 2703(b)(1)(A)'s plain language does not require notice to the subscriber or customer whose communications are subject to an ECPA warrant. As the government argues, only Section 2703(b)(1)(B), which pertains to compelled disclosure through the use of an administrative subpoena or court order, requires prior notice.

The government's argument falls short. Under Section 2703(b)(1)(A), a governmental entity seeking compelled disclosure must "obtain[] a warrant issued using the procedures described in the Federal Rules of Criminal Procedure." Specifically, Rule 41 pertains to the issuance of warrants. Thus, the questions before the Court are (1) whether Rule 41(f)(1)(C)

---

[3] The ECPA defines "remote computing service" as "the provision to the public of computer storage or processing services by means of an electronic communications system." 18 U.S.C. § 2711(2). An "electronic communications system" is "any wire, radio, electromagnetic, photooptical or photoelectronic facilities for the transmission of wire or electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications." Id. § 2510(14).

applies to warrants issued under Section 2703(b)(1)(A), and (2) if so, whether Rule 41(f)(1)(C) is satisfied by leaving a copy of the warrant with a third-party ISP.

*A. Application of Rule 41 to Section 2703(b)(1)(A)*

The Court's analysis must begin with the statutory text. Prior to 2001, the ECPA permitted a governmental entity to require the disclosure of electronic communications if the governmental entity obtained "a warrant *issued under* the Federal Rules of Criminal Procedure." 18 U.S.C. § 2703(b)(1)(A) (1998) (emphasis added), amended by Pub. L. No. 107-56, § 220(a)(1). In 2001, the USA PATRIOT Act amended the ECPA to permit compelled disclosure if a governmental entity obtains "a warrant *issued using the procedures described* in the Federal Rules of Criminal Procedure." Id. § 2703(b)(1)(A) (2009) (emphasis added).[4]

The plain language of amended Section 2703(b)(1)(A) incorporates the procedural, not substantive, provisions of Rule 41. Other courts have reached this conclusion with regard to Section 2703(a), which includes the same amended language as Section 2703(b)(1)(A).[5] *See, e.g., In the Matter of the Application of the United States of America for a Search Warrant*, 665 F. Supp. 2d 1210, 1217 (D. Or. 2009); *In re Search of Yahoo, Inc.*, No. 07-3194-MB, 2007 WL 1539971, at *6 (D. Ariz. May 21, 2007).

The inquiry does not end there, however. Rule 41's procedural provisions relate both to the issuance and execution of a warrant. The government contends that Section 2703(b)(1)(A) incorporates only those procedural provisions of Rule 41 that relate to the *issuance* of a warrant (*i.e.*, Rules 41(d) and 41(e)). The government thus argues that Rule 41(f), which relates to the

---

[4] The PATRIOT Act made the same amendment to Section 2703(a).

[5] For our purposes, the distinction between Sections 2703(a) and 2703(b)(1)(A) is not relevant. Both subsections contain the same amended language directing that warrants be "issued using the procedures described in the Federal Rules of Criminal Procedure." *See* 18 U.S.C. §§ 2703(a), 2703(b)(1)(A).

*execution* and *return* of a warrant, does not apply to Section 2703(b)(1)(A). In contrast, Magistrate Judge Facciola's Memorandum Opinion reads Section 2703(b)(1)(A) to incorporate Rule 41's provisions, including Rule 41(f)(1)(C).

Neither the ECPA's text nor its legislative history indicate the extent to which Rule 41's procedures have been incorporated. *See* S. Rep. No. 99-541, at 37 (1986) (summarizing Section 2703's text without additional explanation). Indeed, it is reasonable to read the language "issued using the procedures described in the Federal Rules of Criminal Procedure" to support either a limited or wholesale incorporation of Rule 41's procedures. Among those courts to have considered the applicability of Rule 41 to Section 2703(a), none have faced the question of which procedural provisions have been incorporated.[6]

The government contends that it would be incongruous to apply Rule 41(f) to ECPA warrants. It argues that Rule 41(f) describes steps a law enforcement officer must take while present for the execution of a search warrant, whereas the presence of a law enforcement officer "shall not be required for service or execution" of ECPA warrants. 18 U.S.C. § 2703(g). But it is unsurprising that some provisions applicable to ordinary search warrants do not fit neatly into Section 2703. Thus, the government's argument does not weigh strongly in favor of the limited view it asks the Court to adopt.

---

[6] Rather, these courts have determined that Rule 41(b) is substantive and thus inapplicable to ECPA warrants. *See, e.g., United States v. Berkos*, 543 F.3d 392, 392 (7th Cir. 2008); *In re Search of Yahoo, Inc.*, No. 07-3194-MB, 2007 WL 1539971, at *7 (D. Ariz. May 21, 2007); *In re Search Warrant*, No. 6:05-MC-168-Orl-31JGG, 2005 WL 3844032, at *6 (M.D. Fla. Feb. 13, 2006); *United States v. Kernell*, No. 3:08-CR-142, 2010 WL 1408437, at *4 (E.D. Tenn. 2010).

In the absence of textual or legislative guidance, this Court concludes that all of Rule 41's procedural provisions apply to Section 2703(b)(1)(A), including Rule 41(f)(1)(C). As described below, however, 41(f)(1)(C) is satisfied by leaving a copy of the warrant with a third-party ISP.

### B. The Government's Obligations under Rule 41(f)(1)(C)

Magistrate Judge Facciola's Memorandum Order refers to "the notice thus required by Rule 41." Mem. Order at 7. As the government notes, however, the relevant portion of Rule 41 does not include the word "notice." Rather, Rule 41(f)(1)(C) requires that:

> The officer executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property.

Rule 41 thus allows an officer to give a copy of the warrant and a receipt to the person from whose premises the property is taken, even if that person does not own the property. There is no separate requirement that the property's owner receive a copy of the warrant, a receipt, or any other form of notice. Thus, the Eighth Circuit found that police complied with a state rule of criminal procedure virtually identical to Rule 41(f) when they left a copy of their warrant and a receipt at the Federal Express facility from which they had seized a package. *United States v. Zacher*, 465 F.3d 336, 339 (8th Cir. 2006). The court held that it was therefore "immaterial" to notify the defendant of the seizure. *Id.*

Analogizing to *Zacher*, the district court in *In the Matter of the Application of the United States of America for a Search Warrant* found that the government satisfied Rule 41(f)(1)(C) by serving an ECPA warrant on third-party ISPs. As the court explained:

> The ISPs are analogous to FedEx in *Zacher*; the electronic information was stored on the servers at Google and Webhost the same way the package was stored at FedEx. Requiring notice to the subscriber ignores

7

this third-party context. When the property to be seized is in the possession of a third party, Rule 41(f)(1)(C) requires no more than what was already accomplished in this case.

665 F. Supp. 2d at 1221–22. Similarly, in this case, the government served its warrant on Google, a third-party ISP. In so doing, the government satisfied Rule 41(f)(1)(C). Accordingly, even under a reading of Section 2703(b)(1)(A) that incorporates Rule 41(f), the government has no further obligation to notify the subscriber of the e-mail account at issue.

### III.   CONCLUSION AND ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the government's Motion for Review is **GRANTED**; and it is

**FURTHER ORDERED** that the Magistrate Judge's July 21, 2010 Memorandum Order is **REVERSED**; and it is

**FURTHER ORDERED** that the government is not required to give notice to the subscriber or customer of an e-mail account whose account is the subject of a warrant issued under the Electronic Communications Privacy Act, §§ 2701-2710; and it is

**FURTHER ORDERED** that the Clerk's office shall not make any entry on the public docket in this case of the government's Motion for Review and this Order granting such motion, until further order of this Court.

**SO ORDERED** this _1st_ day of November 2010. (Redacted Version)

_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court

8